COOLEY LLP
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
BETHANY C. LOBO (248109)
(blobo@cooley.com)
YUHAN ALICE CHI (324072)
(achi@cooley.com)
ERIK LAMPMANN-SHAVER (362460)
(elampmannshaver@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone: +1 415 693 2000
Facsimile: +1 415 693 2222

NAOMI HARRALSON MAY (291462)
(nmay@cooley.com)
NACHI A. BARU (345978)
(nbaru@cooley.com)
10265 Science Center Drive
San Diego, CA 92121-1117
Telephone: +1 858 550 6000
Facsimile: +1 858 550 6420

Attorneys for Defendant
RENAISSANCE LEARNING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION - SANTA ANA

| | |
|---|---|
| NICOLE REISBERG, on behalf of her minor children M.C. 1 and M.C. 2, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RENAISSANCE LEARNING, INC.,<br><br>Defendant. | Case No. 8:25-cv-01379-FWS-JDE<br><br>**DECLARATION OF BETHANY LOBO UNDER LOCAL RULE 7-3 IN SUPPORT OF DEFENDANT RENAISSANCE LEARNING, INC.'S MOTION TO DISMISS** |

I, Bethany Lobo, hereby declares as follows:

1. I am Of Counsel at the law firm of Cooley LLP and counsel for Defendant Renaissance Learning, Inc. ("Renaissance") in this matter. I have personal knowledge of the facts stated in this Declaration and, if called as a witness, I could and would testify competently to them.

2. Plaintiff Nicole Reisberg ("Reisberg" or "Plaintiff") filed the initial complaint in this matter on June 26, 2025. (ECF No. 1). The Court set a deadline of September 4, 2025 for Renaissance to file its motion to dismiss the complaint. (ECF No. 25).

3. Pursuant to the obligations imposed by Central District of California Local Rule 7-3, on August 28, 2025, seven days prior to Renaissance's filing deadline, counsel for Renaissance met with Plaintiff's counsel to discuss Renaissance's forthcoming motion to dismiss.

4. During the meeting, counsel for Renaissance informed Plaintiff's counsel that Renaissance would be seeking dismissal with prejudice of all eleven causes of action in Plaintiff's complaint, as Renaissance believed the allegations in Plaintiff's complaint were insufficient to support any of her claims. Renaissance's counsel outlined the bases on which Renaissance would seek dismissal in considerable detail.

5. Plaintiff's counsel maintained their position that all of Plaintiff's causes of action were adequately supported by the factual allegations in the complaint. They stated that Plaintiff would not be withdrawing or narrowing any of her causes of action.

6. Renaissance also affirmed it would not waive or withdraw any of its motion to dismiss arguments.

7. Renaissance understands from the meet and confer that Plaintiff does not intend to argue that her Section 1983 claims (Counts I and II) sufficiently allege that Renaissance is a state actor under the governmental compulsion test or the

governmental nexus test.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 4th day of September, 2025, in San Francisco, California.

_____
Bethany Lobo