Melisa A. Rosadini-Knott
mrosadini@peifferwolf.com
(California Bar No. 316369)
**PEIFFER WOLF CARR
KANE CONWAY & WISE LLP**
3435 Wilshire Blvd., Ste. 1400
Los Angeles, CA 90010-1923
323-982-4109

*Counsel for Plaintiffs and the Proposed Class*

*[additional counsel listed on signature Page]*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.C. 1 and M.C. 2, by and through their legal guardian NICOLE REISBERG, and M.C. 3 and M.C. 4, by and through their legal guardian AMY WARREN, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>RENAISSANCE LEARNING, INC.<br><br>          Defendant. | Case No. 8:25-cv-01379-FWS-JDE<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT AND FEDERAL RULE 26(F) REPORT**<br>Scheduling Conference Date: October 30, 2025, at 9:00 AM<br><br>Complaint filed: June 26, 2025<br><br>First Amended Complaint filed: September 25, 2025<br><br>Motion to Dismiss: October 30, 2025<br><br>Answer Due: TBD<br><br>Trial (Proposed): April 4, 2028 |

Pursuant to Federal Rule of Civil Procedure 16, Civil Local Rule 26-1, and the Honorable Fred W. Slaughter's Mandatory Scheduling Conference Order, Plaintiffs and Defendant Renaissance Learning, Inc. ("Renaissance"), have met and conferred and hereby submit this Amended Joint Case Management Statement and Federal Rule 26(f) Report. This Amended Joint Case Management Statement follows the Parties' Rule 26(f) conference on October 8, 2025.

**(A) Statement of the case**

    (1)    <u>Plaintiffs' Statement.</u>

Plaintiffs allege that Renaissance markets itself as an education technology company, but its core business is "generating, collecting, and analyzing as much information as possible about students and monetizing that information." *See* First Amended Complaint ("FAC") at ¶ 3. (ECF No. 30). Through an ever-growing suite of digital products marketed for use in K-12 education, Renaissance creates and extracts personal and private information from school-aged children. FAC ¶ 5. It then provides that information to its customers, including schools and school districts, but also more than dozens of companies. FAC ¶ 136. Renaissance and its customers convert that information into intimately detailed profiles on children, which they use to develop and market products and services, to manipulate how children think and act, shape their information environment, and make significant decisions affecting their lives and their futures, all without students or their parents ever knowing. FAC ¶ 115.

"Renaissance has failed and continues to fail to obtain effective consent for its sweeping collection and use of student data." FAC ¶ 222. Consent must be informed, voluntary, and provided by a person with authority to consent. Consent must be "clear and unmistakably stated." *Satterfield v. Simon & Schuster*, 569 F.3d 946, 955 (9th Cir. 2009) (citing Black's Law Dictionary 323 (8th Ed. 2004)). Here, Renaissance does not fully disclose its data practices, including what information it collects and what it does

with that information. FAC ¶¶ 98 – 113.  And because of the compulsive nature of Renaissance's products within school systems that children attend, these minor children students and their parents are coerced into submitting to Renaissance's conduct. FAC ¶ 13. Further, they do not provide effective consent simply by using education services to which they are legally entitled. In fact, for children under 13, Renaissance purports to shift the responsibility for obtaining parental consent to schools and either relies solely on the school's consent or fails to obtain any evidence of assent from students or their parents.  FAC ¶¶ 248 – 249.

Renaissance's actions constitute violations of: 18 U.S.C. § 2510; the California Invasion of Privacy Act, Cal. Penal Code §§ 631, 632, 638.51(a) ("CIPA"); the Comprehensive Computer Data Access and Fraud Act ("CDAFA"), California Penal Code §§ 502, *et seq.*; the California Unfair Competition Law ("UCL") California Business & Professional Code §§ 17200, *et seq*.; the Wisconsin Electronic Surveillance Control Law ("WESCL"), Wis. Stat. § 968.31; and the Wisconsin Deceptive Trade Practices Act ("DTPA"), Wis. Stat. § 100.18. Renaissance's actions also constitute privacy violations based on an intrusion upon seclusion and public disclosure of private facts. Renaissance was unjustly enriched because it has derived profits and other tangible benefits from its improper collection, use, and disclosure of children's data. Finally, Renaissance was negligent because it failed to comply with the Children's Online Privacy Protection Act ("COPPA"), 15 U.S.C. § 6502, and did not exercise reasonable care in the collection, handling, retention, and use of children's personal and behavioral data.

(2)    Defendant's Statement.

This is one of a series of lawsuits that Plaintiffs and their counsel have filed against educational technology ("edtech") providers like Renaissance around the country. These lawsuits seek to impair use of technology in the classroom by destroying

a longstanding regulatory framework that allows schools to consent to the use of student data for educational purposes. Instead, Plaintiffs contend that edtech providers must obtain individual consent from students' parents. This is contrary to established federal and state student data privacy laws expressly allowing schools to use edtech to further educational interests. *See, e.g.*, 34 C.F.R. § 99.31(a)(1)(i)(A) (Family Educational Rights and Privacy Act allowing schools to share student data with service providers in furtherance of "legitimate educational purposes"—as determined by the school—without the consent of the parent); Cal. Educ. Code § 49076(a) (permitting school district release of student data without parental consent to a service provider with a legitimate educational interest).

Based on this flawed premise, Plaintiffs allege that Renaissance unlawfully collected, intercepted, and used student data received through Renaissance's edtech software. Renaissance provides a wide range of software tools to assist with student learning. In particular, Plaintiffs allegedly used four of Renaissance's products: (1) DnA, a platform for schools to administer and analyze standards-based assessments of students; (2) Fastbridge, a platform for schools to administer reading, math, and social-emotional behavior screening and assessment; (3) Nearpod, a platform with interactive tools and content for teachers to use to deliver their lessons, provide assessment, and practice questions for their students; and (4) SAEBRS, a learning tool to evaluate students' non-academic wellbeing and screen for any problematic behaviors. FAC ¶¶ 4, 25–29. They contend that, through these Renaissance tools, Plaintiffs' personal and sensitive data was transmitted to Renaissance without their valid consent and Renaissance, in turn, monetized this data.

Renaissance denies all of Plaintiffs' claims and allegations that Renaissance disclosed, intercepted, and/or used Plaintiffs' personal information in violation of statutory and common laws. In fact, Plaintiffs have not even sufficiently stated their

claims, as Renaissance will set forth in its forthcoming motion to dismiss. Even if any claims survive Renaissance's forthcoming motion (which Renaissance respectfully submits that they should not), Renaissance will show that Plaintiffs' claims fail on the merits, including because Renaissance obtains lawful consent for the collection, processing, and/or use of student data.

Renaissance does not presently anticipate filing any counterclaims.

**(B) Subject-Matter Jurisdiction.**

The Parties agree that this Court has original jurisdiction over the action under the Class Action Fairness Act ("CAFA") of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the putative class members exceed $5 million, exclusive of interests and costs, and at least one member of the proposed class is a citizen of a different state than Defendant Renaissance.

**(C) Legal Issues.**

    (1)    <u>Plaintiffs' Statement.</u>

Plaintiffs submit that the principal legal issues in the case include:

- Whether Plaintiffs and class members had a reasonable expectation of privacy;

- Whether Renaissance's intrusion upon class members' privacy was highly offensive;

- Whether Renaissance's non-consensual tracking and collecting of student data violated 18 U.S.C. § 2510;

- Whether Renaissance's non-consensual tracking and collecting of student data violated sections 631, 632 and 638.51(a) of CIPA;

- Whether Renaissance's non-consensual tracking and collecting of student data violated CDAFA, California Penal Code §§ 502, *et seq.*;

- Whether Renaissance's non-consensual tracking and collecting of student data violated California's UCL § 17200, *et seq.*;

- Whether Renaissance's non-consensual tracking and collecting of student data violated Wis. Stat. § 968.31;

- Whether Renaissance's non-consensual tracking and collecting of student data violated Wis. Stat. § 100.18;

- Whether Renaissance's non-consensual tracking and collecting of student data constitutes an intrusion upon seclusion;

- Whether Renaissance's non-consensual tracking, collecting, and sharing of student data constitutes public disclosure of private facts;

- Whether Renaissance was unjustly enriched from its improper collection, use, and disclosure of student data;

- Whether Renaissance was negligent in its failure to comply with COPPA and exercise reasonable care in the collection, handling, retention, and use of students personal and behavioral data;

- Whether a class should be certified under Fed. R. Civ. P. 23;

- Whether Class Members are entitled to declaratory and/or injunctive relief to enjoin the unlawful conduct alleged in the FAC; and

- Whether Class Members have sustained damages as a result of Renaissance's conduct and, if so, what is the appropriate measure of damages, including restitution.

(2)     Defendant's Statement.

Renaissance denies that it has violated any laws, denies that Plaintiffs have stated a claim under any legal theory, and denies that Plaintiffs may pursue claims on behalf of any putative class. Prior to a decision on Renaissance's forthcoming motion to dismiss, the primary legal issues at this stage include:

- Whether Plaintiffs have sufficiently stated a violation of the Federal Wiretap Act, 18 U.S.C. § 2510;
- Whether Plaintiffs have sufficiently stated a violation of California Invasion of Privacy Act ("CIPA"), California Penal Code §§ 631, 632, 638.51(a);
- Whether Plaintiffs have sufficiently stated a violation of California Comprehensive Computer Data Access and Fraud Act, California Penal Code §§ 502 *et seq*;
- Whether Plaintiffs have sufficiently stated a violation of the California Unfair Competition Law, California Business & Professions Code §§ 17200 *et seq.*;
- Whether Plaintiffs have sufficiently stated an intrusion upon seclusion claim;
- Whether Plaintiffs have sufficiently stated an unjust enrichment claim;
- Whether Plaintiffs have sufficiently stated a negligence claim;
- Whether Plaintiffs have sufficiently stated a violation of Wisconsin Stat. § 968.31; and
- Whether Plaintiffs have sufficiently stated a violation of Wisconsin Stat. § 100.18.

To the extent any claims survive the forthcoming motion to dismiss, Renaissance anticipates additional legal issues including:

- Whether Plaintiffs have met the requirements under Rule 23 to certify a nationwide class or any state subclass;
- Whether Plaintiffs can establish each element of each surviving claim on the merits;
- Whether effective consent was obtained for the collection, processing, and/or use of Plaintiffs' data by Renaissance; and
- Whether Plaintiffs are entitled to each form of relief they seek, including damages, restitution, injunctive relief, and declaratory relief.

**(D) Damages**

Plaintiffs, on behalf of themselves and all others similarly situated, seek damages to the maximum extent authorized by applicable federal and state law, including punitive damages, disgorgement of profits, restitution, and nominal damages. Plaintiffs also seek injunctive and declaratory relief, as well as attorneys' fees and costs.

Renaissance contends that Plaintiffs are not entitled to any relief from Renaissance and that the complaint fails to state a claim upon which relief can be granted.

**(E) Parties, Evidence, etc.**

    (1)   <u>Parties.</u>

        a.    Nicole Reisberg, on behalf of her minor children M.C. 1 and M.C. 2;

        b.    Amy Warren, on behalf of her minor children M.C. 3 and M.C. 4 (collectively "Plaintiffs");

        c.    All others similarly situated (only if a class is ultimately certified);

        d.    Renaissance Learning, Inc. For conflict purposes and in compliance with Federal Rule of Civil Procedure 7.1 and Local Civil Rule 7.1-1, Renaissance has disclosed the following:

- Renaissance Holding Corp. is the parent company of Renaissance Learning, Inc.

- Funds managed by affiliates of Francisco Partners Management, L.P. indirectly own 10% or more of the stock of the indirect parent company of Renaissance Learning, Inc.

- Funds managed by affiliates of Blackstone Inc., a publicly held corporation, indirectly own 10% or more of the stock of the indirect parent company of Renaissance Learning, Inc.

e.   For conflict purposes, Renaissance's subsidiaries include Renaissance UK HoldCo Ltd., RL ServiceCo, LLC, RL Asset Management, Inc., Nearpod Holdings, LLC, Lalilo SAS, BK Interactive LLC, Illuminate Education Holdings, LLC, RL Viewpoint Software, LLC, Renaissance Learning Australia Pty Ltd., Magic Blocker, LLC

Renaissance does not anticipate the appearance of additional parties.

(2)   <u>Percipient Witnesses.</u>

The Parties anticipate that some or all of the below may be potential witnesses[1]:

a.   Plaintiffs;

b.   Parents of minor class members;

c.   School and school district officials and representatives (such as procurement and IT directors and technology officers), who have information regarding their respective interactions with Renaissance and the implementation and use of Renaissance's products, including with respect to student data;

d.   Renaissance's officers and employees;

e.   Employees of third-party affiliates who are familiar with the types of student data collected, stored, sold (if any), and shared (if any) by Renaissance; and

f.   Employees of third-party affiliates who are familiar with operation of Renaissance's collection of student data.

---

[1] Renaissance does not concede in this filing that any of the below listed individuals are appropriate percipient witnesses or any categories of "key documents" are relevant documents. Renaissance reserves the right to present any appropriate challenges on these points during discovery.

(3)     <u>Key Documents.</u>

Plaintiffs anticipate that the following may be "key documents" in this matter:

     a.    Contracts between Renaissance, on one hand, and schools and school districts, on the other;

     b.    Purported disclosures shown to students, parents, schools, or school districts related to Renaissance's products;

     c.    Purported consent received from students, parents, schools, or school districts related to Renaissance's products and services;

     d.    Representations made by Renaissance to third party affiliates in connection with providing Renaissance's products and services to schools, school districts, students, and parents;

     e.    Representations made by Renaissance to third parties in connection with offering student data for sale;

     f.    Representations made by Renaissance to investors;

     g.    Contracts between Renaissance and any third-party affiliates who collect, transfer, receive, store, purchase, or use student data;

     h.    Documents that demonstrate Renaissance's data flow policies and practices;

     i.    Technical documentation related to Renaissance's products that shows:

          i.    how Renaissance's school customers can configure products;

          ii.    the data fields and the source of the data fields that are input into Renaissance's products;

          iii.    the data fields that are output from Renaissance's products;

          iv.    how such data is stored;

          v.    with whom such data is shared;

vi.   how such data is transferred; and

vii.  how such data is used.

j.    Documents relating to Renaissance's collection, retention, use, or disclosure of any data from a user of a Renaissance product;

k.    Documents related to any guidance provided by Renaissance to school customers regarding data retention;

l.    Financial records showing Renaissance's revenue related to student data;

m.   Valuation records demonstrating the value of Renaissance and all of its assets related to student data;

n.    Renaissance policies related to Renaissance's practices;

o.    Documents relating to Renaissance's collection, retention, use, or disclosure of any data from a visitor of Renaissance's website;

p.    Documents relating to authorization to access, use, and/or disclose student data received from educational institutions; and

q.    Documents relating to Renaissance's privacy policies, practices, and procedures.

Renaissance anticipates that the following may be "key documents" in this matter:

a.    Contracts between Renaissance and the schools of M.C. 1, M.C. 2, M.C. 3, and M.C. 4 governing the use of DnA, Fastbridge, Nearpod, and SAEBRS;

b.    Communications between Renaissance and the schools of M.C. 1, M.C. 2, M.C. 3, and M.C. 4 governing the use of DnA, Fastbridge, Nearpod, and SAEBRS;

c.    Documents Plaintiffs received from their schools regarding the use of Renaissance's products;

d.    Documents reflecting when and how Plaintiffs used Renaissance's products;

e.    Documents reflecting valid and effective consent to Renaissance's collection, processing, storage, and any use of Plaintiffs' data;

f.    Documents reflecting Renaissance's disclosures about the collection, processing, storage, and usage (if any) of student data received from its products;

g.    Documents reflecting how Renaissance collects, processes, stores, and uses student data it receives from its products.

**(F) Insurance**

Renaissance has potential insurance coverage of $20 million. Renaissance has not yet received a reservation of rights.

**(G) Manual for Complex Litigation.**

The Parties agree that this is a highly complex case because it is a complicated privacy class action that involves technical evidence, and the nature of the evidence and claims will require expert testimony regarding multiple issues. The Parties agree that portions of the Manual for Complex Litigation that are coextensive with the relevant Federal Rules are applicable. The Parties further agree that the Manual correctly emphasizes that, under Federal Rule of Civil Procedure 23(c)(1)(A), litigants should be permitted "sufficient time to develop an adequate record" and "present the court with sufficient information to support an informed decision on [class] certification." *See* Manual § 21.133. Thus, the Parties jointly propose a case schedule which aligns with this direction.

**(H) Motions.**

Plaintiffs filed a First Amended Complaint and at this time do not anticipate further amending their complaint to add or change the causes of action unless requested by the Court. Renaissance anticipates filing its motion to dismiss Plaintiffs' First Amended Complaint on October 30, 2025. *See* Order, Dkt. No. 34 (setting briefing schedule for motion to dismiss).

Renaissance does not anticipate, at this juncture, filing any motion to transfer venue or otherwise challenge the Court's jurisdiction.

**(I) Dispositive Motions.**

1. Plaintiffs' Statement

Plaintiffs filed their First Amended Complaint on September 25, 2025. *See* ECF No. 30. By stipulation of the Parties and Order of the Court, the deadline for Renaissance to file its motion to dismiss the First Amended Complaint is set for October 30, 2025. *See* ECF No. 34. Plaintiffs must file their opposition by December 4, 2025, and Renaissance's reply will be due on December 22, 2025. *Id.*

2. Renaissance's Statement

Renaissance will file its motion to dismiss Plaintiffs' First Amended Complaint on October 30, 2025. For reasons that will be stated in Renaissance's forthcoming motion, all claims are legally deficient and must be dismissed. As Plaintiffs have already amended once, further amendment would not likely cure the complaint's defects.

To the extent that Plaintiffs' complaint survives Renaissance's forthcoming motion in part or in whole, Renaissance plans to oppose any motion for class certification and anticipates moving for summary judgment following fact discovery.

**(J) Status of Discovery.**

Plaintiffs have served Renaissance with a first request for documents and a first

set of interrogatories on October 6, 2025. The parties are working to finalize a proposed Protective Order and ESI Protocol.

**(K) Discovery Plan.**

The parties began the conferral process pursuant to Rule 26(f) on October 8, 2025, and jointly propose the following discovery and pretrial deadlines:

| | |
|---|---|
| October 28, 2025 | Deadline to serve Initial Disclosures |
| November 24, 2025 | Deadline to file Protective Order and ESI Order |
| January 22, 2026 | Deadline to add parties |
| May 29, 2026 | Deadline to complete mediation |
| July 17, 2026 | Deadline to complete non-expert depositions |
| July 17, 2026 | Fact discovery deadline |
| September 28, 2026 | Affirmative expert disclosure deadline |
| December 11, 2026 | Rebuttal expert disclosure deadline |
| February 9, 2027 | Expert discovery deadline |
| March 11, 2027 | Deadline for Plaintiffs to file motion for class certification |
| May 11, 2027 | Deadline for Defendant to file opposition to motion for class certification |
| June 25, 2027 | Deadline for Plaintiffs to file reply to motion for class certification |
| September 23, 2027 | Deadline to file motions for summary judgment |
| November 22, 2027 | Deadline to file opposition to motion for summary judgment |
| December 22, 2027 | Deadline to file reply to motion for summary judgment |
| January 13, 2028 | Last date to hear motions |
| February 17, 2028 | First round trial filings |
| February 24, 2028 | Second round trial filings |

| March 9, 2028 | Final pretrial conference |
|---|---|
| April 4, 2028 | Trial date |

Renaissance anticipates that subjects on which discovery may be needed include: (1) whether effective consent was provided for Renaissance's collection, processing, or use of Plaintiffs' data; (2) the scope of Renaissance's agreement(s) with Plaintiffs' school regarding the use of DnA, Fastbridge, Nearpod, and SAEBRS (3) what information Plaintiffs inputted into the Renaissance products they used; and (4) what data Renaissance received through Plaintiffs' use of Renaissance's products and whether Renaissance used such data in an unauthorized manner. Renaissance does not believe that discovery needs to be conducted in phases.

**(L) Discovery Cut-off.**

The Parties propose July 17, 2026, as the final day for completion of discovery, including filing of all discovery motions.

**(M) Expert Discovery.**

The Parties propose September 28, 2026, for affirmative expert witness disclosures, December 11, 2026 for rebuttal expert witness disclosures, and February 9, 2027, for expert discovery cut-off under Federal Rule of Civil Procedure 26(a)(2).

**(N) Settlement Conference and Alternative Dispute Resolution (ADR).**

(1)    Prior Discussions.

The Parties agree that they will be in a better position to have a robust exchange of information and settlement discussions regarding a fair resolution of the case after the close of discovery.

(2)    ADR Selection.

The Parties agree that private mediation at the parties' expense (ADR-3) is the most sensible ADR option for this case. The parties understand that participation in ADR by all parties, including an officer with full settlement authority for corporate

parties, is mandatory. The Parties propose setting May 29, 2026, as the deadline to complete mediation.

**(O) Trial Estimate.**

(1)    <u>Time Estimate.</u>

The parties anticipate that trial will likely last seven to ten days because evidence and witnesses will need to be introduced as to some or all of the below complex and technical issues:[2]

    i.     The types of student data collected by Renaissance;

    ii.    How the student data is stored;

    iii.   How the student data is used, including how it is marketed, if at all;

    iv.   The third-party recipients of student data, if any;

    v.    Renaissance's public disclosures regarding its data practices, which may have changed over the relevant time period;

    vi.   How much Plaintiffs perceive that Renaissance has earned from the monetization of student data, if any;

    vii.   Renaissance's process of obtaining consent, which may have changed over the relevant time period;

    viii.  Whether students or parents provide consent, which may have changed over the relevant time period;

    ix.   What parents are told and understand before providing consent, which may have changed over the relevant time period;

    x.    What consideration, if any, students receive in exchange for their data;

    xi.   Whether students receive sufficient consideration in exchange for their data, which may have changed over the relevant time period;

---

[2] Renaissance does not concede at this juncture that all of these issues will ultimately prove relevant to this action and reserves all rights to raise appropriate objections and defenses concerning any of these topics in discovery and prior to trial.

xii.    The size of the nationwide class and the California subclass;

xiii.    The value of the student data collected and sold, if any, which may have changed over the relevant time period;

xiv.    Plaintiffs' use of Renaissance's products;

xv.    Data allegedly shared by Plaintiffs through their use of Renaissance products;

xvi.    Other applications or products used by Plaintiffs on their devices;

xvii.    Alleged harm suffered by Plaintiffs from their use of Renaissance products; and

xviii.    Expert testimony regarding many of the above topics.

(2)    <u>Number of Witnesses</u>

Given the recent filing of the First Amended Complaint and the forthcoming motion to dismiss, Parties do not yet know how many witnesses will be called at trial.

(3)    <u>Jury or Court Trial.</u>

Plaintiffs have requested a trial by jury.

**(P) Trial Counsel.**

The following attorneys will try the case:

Attorneys Andrew Liddell, Julie Liddell, Lori G. Feldman, Melisa A. Rosadini-Knott, Brandon M. Wise, Andrew R. Tate, Brittany L. Sackrin, Karen Dahlberg O'Connell, and Britany A. Kabakov will represent Plaintiffs and the putative class members at trial, with Andrew Liddell serving as lead trial attorney.

Matthew Brown, Naomi May, Bethany Lobo, Yuhan Alice Chi, Erik Lampmann-Shaver, and Nachi Baru, of Cooley LLP, will serve as trial counsel for Renaissance.

**(Q) Magistrate Judge.**

The Parties do not consent to having a Magistrate Judge preside for all purposes, including trial.

**(R) Independent Expert or Master.**

      The Parties do not believe that any special master will be necessary.

**(S) Schedule Worksheet.**

      The Parties respectfully refer the Court to the Worksheet attached at the end of this report. The Parties have jointly filled out the Worksheet. Given the complexity of this case and for the reasons stated in Parties' Exhibit A Class Certification Plan, the Parties respectfully request that the Court enter the jointly proposed schedule above.

**(T) Class Actions.**

      The Parties anticipate requiring additional time beyond the presumptive 120-day deadline to file their motion for class certification. The additional time is necessary due to the anticipated timing of the resolution of Renaissance's motion to dismiss, the highly technical nature of discovery related to student data, and the complexities of obtaining discovery from non-parties, including schools, school districts, and third parties involved with Renaissance's products and services. The Parties respectfully refer the Court to the proposed Class Certification Plan attached as Exhibit A to this Civil Case Management Plan, which discusses in detail why the proposed schedule is important to the efficient but thorough litigation of this action.

**(U) Other Issues.**

None at this time.

Dated: October 22, 2025

Respectfully submitted,


By:  */s/ Andrew Ready Tate*
Andrew Ready Tate

*For Plaintiffs and the*
*Proposed Classes:*

Andrew Ready Tate*
**PEIFFER WOLF CARR**
**KANE CONWAY & WISE LLP**
235 Peachtree St. NE, Suite 400
Atlanta, GA 30303
(314) 669-3600
atate@peifferwolf.com

Melisa A. Rosadini-Knott
(California Bar No. 316369)
**PEIFFER WOLF CARR**
**KANE CONWAY & WISE LLP**
3435 Wilshire Blvd., Ste. 1400
Los Angeles, CA 90010-1923
323-982-4109
mrosadini@peifferwolf.com

Julie Liddell*
**EDTECH LAW CENTER PLLC**
P.O. Box 300488
Austin, Texas 78705
(737) 351-5855
julie.liddell@edtech.law

Lori G. Feldman*
**GEORGE FELDMAN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
 (917) 983-9321
LFeldman@4-Justice.com
eService@4-justice.com

Karen Dahlberg O'Connell*
**ALMEIDA LAW GROUP LLC**
157 Columbus Ave, 4th Floor
New York NY 10023
(347) 395-5666
karen@almeidalawgroup.com

* *pro hac vice* granted

By: */s/ Matthew D. Brown*
Matthew D. Brown

**COOLEY LLP**
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
BETHANY C. LOBO (248109)
(blobo@cooley.com)
YUHAN ALICE CHI (324072)
(achi@cooley.com)
ERIK LAMPMANN-SHAVER (362460)
(elampmannshaver@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:  +1 415 693 2000
Facsimile:   +1 415 693 2222

NAOMI HARRALSON MAY (291462)
(nmay@cooley.com)
NACHI A. BARU (345978)
(nbaru@cooley.com)
10265 Science Center Drive
San Diego, CA  92121-1117
Telephone:  +1 858 550 6000
Facsimile:   +1 858 550 6420
Attorneys for Defendant
RENAISSANCE LEARNING, INC.

## Certification of Compliance

Pursuant to the Court's October 20, 2025, Order, the undersigned counsel for each party hereby certifies that they have reviewed the following: (i) The Local Civil Rules of the Central District of California; (ii) The procedures and practices set forth on the Honorable Fred. W. Slaughter's web page, accessible at: https://apps.cacd.uscourts.gov/Jps/honorable-fred-w-slaughter; (iii) the Court's initial Standing Order; and (iv) the Court's Order Setting the Scheduling Conference in this matter.


Dated: October 22, 2025


Respectfully submitted,

By: */s/ Andrew Ready Tate*
Andrew Ready Tate

*For Plaintiffs and the
Proposed Classes:*

Andrew Ready Tate*
**PEIFFER WOLF CARR
KANE CONWAY & WISE LLP**
235 Peachtree St. NE, Suite 400
Atlanta, GA 30303
(314) 669-3600
atate@peifferwolf.com

Melisa A. Rosadini-Knott
(California Bar No. 316369)
**PEIFFER WOLF CARR
KANE CONWAY & WISE LLP**
3435 Wilshire Blvd., Ste. 1400
Los Angeles, CA 90010-1923
323-982-4109
mrosadini@peifferwolf.com

Julie Liddell*
**EDTECH LAW CENTER PLLC**
P.O. Box 300488
Austin, Texas 78705
(737) 351-5855
julie.liddell@edtech.law

Lori G. Feldman*
**GEORGE FELDMAN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
 (917) 983-9321
LFeldman@4-Justice.com
eService@4-justice.com

Karen Dahlberg O'Connell*
**ALMEIDA LAW GROUP LLC**
157 Columbus Ave, 4th Floor
New York NY 10023
(347) 395-5666
karen@almeidalawgroup.com

* *pro hac vice* granted

By: */s/ Matthew D. Brown*
Matthew D. Brown

**COOLEY LLP**
MATTHEW D. BROWN (196972)
(brownmd@cooley.com)
BETHANY C. LOBO (248109)
(blobo@cooley.com)
YUHAN ALICE CHI (324072)
(achi@cooley.com)
ERIK LAMPMANN-SHAVER (362460)
(elampmannshaver@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, California  94111-4004
Telephone:  +1 415 693 2000
Facsimile:   +1 415 693 2222

NAOMI HARRALSON MAY (291462)
(nmay@cooley.com)
NACHI A. BARU (345978)
(nbaru@cooley.com)
10265 Science Center Drive
San Diego, CA  92121-1117
Telephone:  +1 858 550 6000
Facsimile:   +1 858 550 6420
Attorneys for Defendant
RENAISSANCE LEARNING, INC.