## EXHIBIT A

## PROPOSED CLASS CERTIFICATION PLAN

The Parties submit this Class Certification Plan pursuant to the Court's Mandatory Scheduling Conference Order.

The Parties anticipate requiring additional time beyond the presumptive 120-day deadline before the deadline for Plaintiffs' motion for class certification. The additional time is necessary due to the anticipated timing of the resolution of Renaissance's motion to dismiss (the ruling on which Defendant believes will shape the scope of discovery), the highly technical nature of certain discovery related to the collection, storage, transfer, use, and monetization of student data (if any, per Defendant), and complexities presented by the potential need for discovery from non-parties, such as third parties who contract with Renaissance, including schools and school districts, third parties involved in providing Renaissance's products and services, and third parties who purchase or otherwise receive student data from Renaissance. In light of these considerations, the Parties request approximately nine months for fact discovery, followed by an approximate six-month expert discovery period. Plaintiffs would then file their motion for class certification approximately four weeks after the close of expert discovery, on March 11, 2027.

**Written and Document Discovery:** The Parties propose that the first few months of fact discovery be devoted to written discovery. This amount of time will ensure that the Parties have sufficient time to serve and respond to discovery requests, negotiate search terms and custodians for the production of electronically stored documents, and seek documents from non-parties.

Plaintiffs served their First Set of Requests for Production of Documents (RFPs) and First Set of Interrogatories on October 6, 2025, and, as necessary, will serve requests for admissions. Renaissance has agreed to respond on December 8, 2025, and promptly thereafter Plaintiffs anticipate for the parties to  negotiate the scope of

EXHIBIT A                                    1

Plaintiffs' requests, followed by negotiations of appropriate search terms and custodians. As the  negotiation of search terms and custodians can be an iterative process, after receiving and reviewing the documents that hit on the first set of search terms and custodians, the Parties may negotiate additional rounds of productions based on what they learn from the initial round. Although the Parties have not yet discussed Renaissance's relevant custodians from whom documents will be collected and produced, to the extent that any such custodians are abroad, additional time may be necessary to negotiate search terms in other languages and translate Renaissance's documents.

Similarly, Renaissance will serve Plaintiffs with discovery requests, including requests for production of documents and interrogatories. The full scope of these requests will be informed by what the Parties learn through the discovery and fact investigation process described above, but Renaissance anticipates at minimum seeking discovery into how Plaintiffs used the relevant Renaissance products and consented to the relevant aspects of how those products operate. Renaissance will likely need to negotiate, in iterative manner as necessary, the scope of Renaissance's affirmative discovery requests.. Similar to the above, this may also be an iterative process requiring multiple rounds of negotiation and productions.

Plaintiffs will also conduct class list discovery during this period, contacting class members, conducting interviews, and preparing declarations.

Finally, Plaintiffs expect to serve subpoenas on non-parties during this period of written and document discovery. Plaintiffs anticipate seeking discovery from schools, school districts, third parties who contract with Renaissance in connection with providing Renaissance's products and services, and third parties who have purchased student data from Renaissance. Plaintiffs' ability to identify relevant third parties will depend on the quality and quantity of Renaissance's productions in response to Plaintiffs' October 6, 2025 RFPs.

EXHIBIT A                                                    2

**Fact Depositions**: the Parties anticipate that fact depositions will be conducted primarily in the months following the core written and document discovery period. Although Plaintiffs are not in a position to provide a list of deponents at this juncture, Plaintiffs anticipate that they will seek the depositions of Renaissance's engineers who built and maintain Renaissance's products and services, including the features through which it collects student data.

Further, Plaintiffs may seek the depositions of (a) Renaissance's marketing and/or communications personnel who are familiar with the representations made to students, parents, schools, school districts, third party purchasers of student data, and investors, (b) Renaissance's personnel responsible for collecting, storing, processing, analyzing, or otherwise accessing the student data collected through Renaissance's products and services, and (c) Renaissance's sales and finance personnel on the profits that Renaissance has reaped as a result of the conduct alleged in the First Amended Complaint. Plaintiffs will also seek the depositions of several third parties, including third parties who contract with Renaissance such as schools and school districts, third parties involved in providing Renaissance's products and services, and third parties who purchase or otherwise receive student data.

Renaissance will seek the deposition of the named Plaintiffs and may also seek third party discovery as to educational institutions or service providers.

**Expert Discovery**: Plaintiffs propose a period of approximately six months for expert discovery following the close of fact discovery. Plaintiffs anticipate filing at least two opening expert reports, one from a technical expert who can opine on the operation of Renaissance's collection and transfer of student data, and another from a damages expert who will opine on the value of the student data that Renaissance collected and the amount of damages owed to Plaintiffs and putative class members. The six-month period gives the Parties about two months following the close of fact discovery to file opening expert reports, eight weeks to file rebuttal reports, and eight

weeks to complete depositions of experts. Given the volume of technical documents that experts will have to review, as well as the importance of this expert work to determine the amount of damages owed to Plaintiffs and putative class members, Plaintiffs respectfully submit that four months for expert discovery is reasonable.

Renaissance agrees that the six-month period will be necessary for Parties to adequately conduct expert discovery. Renaissance will require sufficient time to evaluate Plaintiffs' contemplated expert reports and proffer its own experts—including potential technical or damages experts—to rebut Plaintiffs' anticipated experts. Renaissance will also depose Plaintiffs' experts and agree that, given the technical nature of the case and likely volume of the documents at issue, the six-month period for expert discovery is reasonable and proportional to the needs of the action.

**Class Certification Briefing and Additional Explanation for Requested Deadlines that Deviate from Court's Presumptive Deadlines**: The Parties propose that Plaintiffs will file their motion for class certification by March 11, 2027, four weeks after the close of expert discovery.

Additional time to complete fact and expert discovery and to file the class certification motion is necessary because fact discovery alone in privacy class actions generally takes well over a year given the complexity of the issues presented—as illustrated by the Parties' above discussion of anticipated discovery in this case. For example, this action may require analysis of granular student data that Plaintiffs allege is collected from hundreds of thousands, if not millions, of minor children; and production and review of thousands of documents, potentially including documents that may require translation. The following table summarizes the class certification motion briefing schedules in a representative cross-section of other recent privacy-related class actions filed in the Ninth Circuit. In those actions, the time period from the initial case management conference to the filing of the plaintiffs' class certification motion ranged from 724 to 1,008 days.  By comparison, the Parties' proposed deadline

EXHIBIT A                                          4

for Plaintiffs to file their class certification motion is March 11, 2027, which is a much shorter 497 days after the initial case management conference currently scheduled for October 30, 2025.

| Case | Case Description | Case Mgmt Conf. | Deadline for Class Cert. Mot. | Days from CMC to Class Cert. Mot. |
|------|-----------------|-----------------|-------------------------------|-----------------------------------|
| *In Re Meta Pixel Tax Filing Cases*, 5:22-cv-07557 (N.D. Cal.) | Class action against Meta, arising from Meta's wiretapping of electronic communications on major online tax filing websites offered by H&R Block, TaxAct, and TaxSlayer, among other sites. | 06/30/2023 | 08/18/2025 | 781 |
| *Rodriguez v. Google LLC*, 20-cv-04688 (N.D. Cal.) | Class action against Google for collecting personal browsing histories whenever consumers use apps incorporating Google's Firebase SDK | 10/15/2020 | 7/20/2023 | 1008 |
| *In re Vizio, Inc. Consumer* | Class action against smart TV manufacturer | 6/6/2016 | 7/18/2018 | 773 |

| | | | | |
|---|---|---|---|---|
| *Privacy Litig.,* 8:16-ml-02693 (C.D. Cal.) | for collecting content-viewing histories and selling that data to advertisers and media content providers | | | |
| *In re Facebook Biometric Info. Privacy Litig.,* 3:15-cv-03747 (N.D. Cal.) | Class action against Facebook for its "Tag Suggestions" feature, which scans for and identifies people in uploaded photographs. | 12/16/2015 | 12/8/2017 | 724 |

Finally, concluding fact and expert discovery prior to briefing on the motion for class certification is efficient for all parties and conserves limited judicial resources: it prevents piecemeal expert declarations from being filed for the first time as exhibits to class certification briefing. It prevents surprises in expert disclosures and opinions during the class certification motion briefing process. And it eliminates the need for the Court to hold a lengthy evidentiary hearing as part of the motion adjudication process. *See Calhoun v. Google, LLC*, No. 20-cv-5146-YGR, Dkt. 935 at 14 (N.D. Cal. Dec. 12, 2022) (class certification briefing prior to end of discovery resulted in the court holding an evidentiary hearing lasting 7.5 hours and including live testimony from eight witnesses before adjudication of motion).

For these reasons, the Parties respectfully request that the Court set March 11, 2027, as Plaintiffs' deadline to file their motion for class certification; May 11, 2027, as Renaissance's deadline to file its opposition, and June 25, 2027, as Plaintiffs' deadline to file a reply in support of their motion.

EXHIBIT A                                    6